IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Richard Turlington, | Civil Action No. 1:25-cv-2782-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Savannah River Nuclear Solutions, LLC, | |
| Defendant. | |

Through this action, Plaintiff Richard Turlington ("Plaintiff" or "Turlington") seeks recovery from his former employer, Defendant Savannah River Nuclear Solutions, LLC ("Defendant" or "SRNS"), for alleged failure to accommodate and disparate treatment based on his religion, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report").

The matter is before the court on Defendant's motion to dismiss. ECF No. 7.

### 1.  Factual Background

Plaintiff was employed as a Senior Quality Engineer for Defendant SRNS. ECF No. 1 at ¶ 1. In response to the COVID-19 pandemic, Defendant imposed a COVID-19 vaccination mandate as a condition of continued employment. *Id.* at ¶ 7. Defendant set a date of October 1, 2021, as a submission deadline for exemption requests and October 15, 2021, as the deadline for employees to receive the first dose of a COVID-19 vaccine. *Id.* at ¶ 9. Plaintiff timely submitted his religious exemption requests "based on his devout Christian beliefs." *Id.* at ¶ 11. Defendant denied his religious exemption request, concluding he could not be accommodated due to the burden on

Defendant. *Id.* at ¶ 12. Defendant advised Plaintiff he would lose his site access and authorization to continue working on October 16, 2021, and that he could retire or take early retirement in lieu of being placed on a one-year, unprotected leave of absence. *Id.* at ¶¶ 14-15. Plaintiff "was forced to take involuntary early retirement from SRNS, which he notified SRNS of on or about October 31, 2021." *Id.* at ¶ 16.

Plaintiff brings two causes of action against Defendant: Count 1, Religious Discrimination – Failure to Accommodate; and Count 2, Religious Discrimination – Disparate Treatment.

## 2. **Motion to Dismiss**

Defendant moves to dismiss based on res judicata, as a previous case in which Turlington was a plaintiff was brought in this court challenging Defendant's vaccine mandate. See *Rhoades v. Savannah River Nuclear Solutions*, LLC, No. 1:21-cv-3391 ("*Rhoades*"). In *Rhoades*, seventy-nine employees (including Plaintiff Turlington) and contractors sought a declaratory judgment, temporary restraining order, preliminary injunction, and permanent injunction to block the implementation of Defendant's vaccine mandate. An Amended Complaint and Second Amended Complaint added additional plaintiffs and sought additional declaratory judgments. No. 1:21-cv-3391 at ECF No. 26 (Second Am. Compl.). The Second Amended Complaint noted certain plaintiffs had been terminated for refusing to receive the vaccine. *Id.* at 41. Plaintiffs in *Rhoades* filed a motion for preliminary injunction (ECF No. 14) that was denied (ECF No. 28). They then filed an interlocutory appeal (ECF No. 29), but that appeal was voluntarily dismissed (ECF No. 37). The *Rhoades* plaintiffs thereafter filed a stipulation of dismissal with prejudice. ECF No. 41.

2

Defendant asserts res judicata bars Plaintiff's claims in this case because he could have brought his Title VII claims in *Rhoades*. ECF No. 9-1 at 15. Accordingly, it requests the court dismiss this action with prejudice. Plaintiff filed a response, and Defendant replied. ECF Nos. 14, 17.

On December 4, 2025, the Magistrate Judge issued a Report recommending Defendant's motion to dismiss be granted, because Plaintiff could have brought his Title VII claims in the *Rhoades* action. ECF No. 19. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed timely objections, and Defendant replied. ECF Nos. 20, 23.

### 3. **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court is required to review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

3

A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of the claims that entitles him to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although the court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw] from the facts." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship.*, 213 F.3d 175, 180 (4th Cir. 2000)). The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments." *Id.* The court may consider documents attached to the complaint when considering a motion under Rule 12(b)(6). *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Markari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

An affirmative defense, such as res judicata, may be considered on a motion to dismiss "only if it clearly appears on the face of the complaint." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). The court can take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact. *Id.*

### 4. <u>Discussion</u>

The Magistrate Judge recommends granting Defendant's motion to dismiss based on res judicata. ECF No. 19. Specifically, the Magistrate Judge found all three factors required for res

4

judicata are present here: there was a final judgment on the merits in a previous lawsuit with identities of the causes of action and identities of parties in both lawsuits.

Plaintiff objects, contending the claims here do not "arise out of the same transaction or series of transactions" as *Rhoades*. ECF No. 20 at 2. He argues the Report incorrectly relied on non-binding precedent and "erroneously found Plaintiff could have brought his Title VII claims in *Rhoades*." *Id.* at 6. Defendant replied to Plaintiff's objections. ECF No. 23. It requests the court overrule Plaintiff's objections, adopt the Report, and dismiss the case.

### a. *Res Judicata*

For the doctrine of res judicata to apply, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004). Here, the parties do not dispute there was a final judgment on the merits in *Rhoades*, or that there is identity of the parties. However, Plaintiff contends there is not an identity of causes of action sufficient for res judicata to apply, as he raises Title VII claims here and the claims in *Rhoades* only challenged the constitutionality of the vaccine mandate.

The determination of whether two suits arise out of the same cause of action, however, does not require the claims asserted to be identical. Rather, it turns on whether the suits and the claims asserted therein "arise out of the same transaction or series of transactions or the same core of operative facts." *Pueschel*, 369 F.3d at 355. If the claims were required to be identical, parties could plead their way around res judicata by splitting claims "given that a single cause of action can manifest itself into an outpouring of different claims, based variously on federal statutes, state

5

statues, and the common law." *Id.* Accordingly, res judicata bars not only claims that were litigated in a prior proceeding, but claims that *could have been* litigated. *Id.* at 355-56 (emphasis added); *see also Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) ("The preclusive affect [*sic*] of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for "[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."). However, res judicata does not bar claims that did not exist at the time of the prior litigation. This is an objective standard, and "it is the existence of the present claim, not party awareness of it, that controls." *Meekins*, 946 F.2d at 1057.

The Magistrate Judge determined an identity of claims exists, barring this case under res judicata.

**Objection No. 1.** Plaintiff's first objection centers on the standard for res judicata and the "required comparison of factual allegations" between the two lawsuits, relying significantly on Judge Posner's "detailed reasoning" in the Seventh Circuit decision *Herrmann v. Cencom Cable Assocs.*, 999 F.2d 223 (7th Cir. 1993) ("We suggest that two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations."). ECF No. 20-1 at 7. He asserts his religious discrimination claim under Title VII requires a "completely different set of facts 'related in time, space, origin, and motivation'" to the facts in the *Rhoades* case challenging the vaccine mandate. *Id.* at 8. He also contends the *Rhoades* plaintiffs could not have amended

6

their complaint to include Title VII claims because the EEOC did not issue a right to sue letter until January 31, 2025, well after the *Rhoades* case was voluntarily dismissed in August 2022.

In response, Defendant notes *Herrmann* is non-binding, out of circuit authority and differs from the standard in the Fourth Circuit, which does not require comparison and precise matching of factual allegations to determine claims arise out of the same transaction or occurrence. ECF No. 23 at 3-4. Defendant also explains *Herrmann* itself acknowledges its application to cases "lying at the extremes" not the "difficult intermediate cases – where there is substantial factual overlap between the two claims." *Herrmann*, 999 F.2d at 227.

The court agrees with the Magistrate Judge the *Herrmann* standard is more exacting than that required by the Fourth Circuit. Plaintiff points to no Fourth Circuit authority requiring the degree of factual similarity "suggested" by Judge Posner in *Herrmann*. *Compare Herrmann*, 999 F.2d at 226 ("[W]e suggest that two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations."), *with Pueschel*, 369 F.3d at 355 (both suits assert claims based on an "alleged pattern of . . . conduct" that arose out of the "same transaction or series of transactions or the same core of operative facts."); *see also Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013 ("[W]e follow the 'transactional' approach when considering whether causes of action are identical: as long as the second suit arises out of the same transaction or series of transactions resolved by the prior judgment, the first suit will have preclusive effect."). In addition, *Herrmann* specifically disclaimed use of the "pragmatic" standard for res judicata, as applied by the Fourth Circuit in *Harnett v. Billman*, 800 F.2d 1308, 1314 (4th Cir. 1986 ("[W]e measure the scope of transaction or series of connected transactions by

7

considering pragmatic factors such as common origin and relation . . .") (citing Restatement (Second) of Judgments § 24(2) (1982)). Accordingly, the court will not apply the *Herrmann* standard for factual similarity and will rely instead on binding Fourth Circuit authority.[1]

**Objection No. 2.** Plaintiff next argues the Report erroneously concluded the Title VII claims here "arise out of the same transaction or series of transactions" as the claims in *Rhoades*. ECF No. 20-1 at 10. He asserts *Rhoades* challenged only the legal authority to implement a vaccine mandate as a condition of continued employment, and did not deal with Plaintiff's religious objections to the vaccine or alleged discrimination based on religion. He contends the two cases arose only in the "same general timeline after Defendant instituted a vaccine mandate." *Id.* at 10. Plaintiff argues his Title VII injuries had not yet accrued when the prior action was filed, because the Title VII claims arose only upon the denial of religious accommodation and resulting adverse employment action, which he asserts had not yet occurred when *Rhoades* was filed. *Id.* at 11-12.

Defendant replied, supporting the Magistrate Judge's finding that the two cases arose from the same transaction or series of transactions. ECF No. 23 at 5. It explains plaintiffs in *Rhoades* amended their complaint twice after Plaintiff suffered adverse actions related to his religious objection to the vaccine on October 31, 2021. *Id.* Accordingly, and because "claims may arise out of the same transaction or series of transactions even if they involve different harms or different

---

[1] This does not mean a comparison of the facts is not allowed or permitted. The court may review the facts of both lawsuits to determine if they arise from the same transaction or series of transactions. However, it will not require the facts to be "the same or nearly the same factual allegations" as required by *Herrmann*.

theories or measures of relief," *Harnett*, 800 F.2d at 1314, Defendant asserts res judicata applies here.

The court has compared the factual allegations in *Rhoades* to the ones alleged here, and finds they arise out of the same transaction or series of transactions alleged in the prior case. In the Second Amended Complaint, the *Rhoades* plaintiffs alleged Defendant SRNS issued a vaccine mandate requiring all employees, including badged subcontractors, to be fully vaccinated, with the first dose received on or before October 15, 2021, unless exempted. Case No. 1:21-cv-03391, ECF No. 26 at 41. Plaintiffs in *Rhoades* alleged Defendant was "requiring Plaintiffs to submit to the vaccinations or lose their jobs." *Id.* The *Rhoades* Second Amended Complaint alleges at least one plaintiff (Phil Harmon) had been terminated on October 14, 2021, for refusing to receive the vaccination. *Id.* at 42.

In the instant case, Plaintiff alleges the same vaccine mandate was imposed, requiring the first dose of the vaccine to be received by October 15, 2021, and set October 1, 2021, as the submission deadline for religious or medical exemption requests. ECF No. 1 at ¶ 9. Plaintiff asserts he timely submitted a religious accommodation request that was denied based on an undue burden on the employer. *Id.* at ¶¶ 11-12. Plaintiff was advised he would lose site access and authorization to continue working on October 16, 2021. *Id.* at ¶ 14. Plaintiff was "forced to take involuntary early retirement from SRNS, which he notified SRNS of on or about October 31, 2021." *Id.* at ¶ 16.

The court finds the two actions arose out of the same transaction or series of transactions, namely, the imposition of the vaccine mandate by Defendant and Plaintiff's opposition to receiving

9

the vaccine. *See Romer v. City of North Charleston*, No. 2:22-cv-04254, 2024 WL 4485908, at *6-7 (D.S.C. July 19, 2024) (finding Title VII claims were "based on the same underlying transaction as and could have been brought in the earlier action" as the previous vaccine mandate claims, and thus were barred by res judicata). The facts giving rise to Plaintiff's claims in this action – the imposition of the vaccine mandate, Plaintiff's attempts to be exempted from that mandate, and the adverse actions against him – took place before the *Rhoades* action was dismissed in August 2022. ECF No. 1 (Compl.) at ¶ 13 (SRNS denied Plaintiff's religious accommodation request on October 11, 2021); *id.* at ¶ 114 ("SRNS took adverse employment action against Mr. Turlington when it denied his religious accommodation request and when it gave him a date certain for termination and effectively terminated his employment" in October 2021); *id.* at ¶ 16 (Plaintiff "was forced to take involuntary early retirement from SRNS" and notified Defendant on October 31, 2021).

Plaintiff argues a "Title VII religious-accommodation claim does not arise from the mere announcement of a workplace policy; it arises only upon the denial of a religious accommodation and the imposition of adverse employment actions." ECF No. 20-1 at 11. Although such actions may not have occurred when *Rhoades* was *filed* on October 14, 2021, there is evidence in the

record that these events had taken place for Plaintiff Turlington[2], by the time the Second Amended Complaint was filed in *Rhoades* on December 1, 2021.[3]

Accordingly, the court finds the instant Plaintiff's Title VII claims arise out of the same transaction or series of transactions as the *Rhoades* case. Plaintiff's Objection 2 is overruled.

**Objection No. 3.** In his third objection, Plaintiff contends the Report misapplies the Rule 12(b)(6) standard and resolves disputed facts. ECF No. 20-1 at 12. He asserts the Report relies almost solely on a previous South Carolina district court case, *Romer*, which was decided on summary judgment on "a far more developed record." *Id.* He discusses the factual record outside the pleadings, including emails with the EEOC (attached to his objections), to show "Plaintiff could not have abandoned the EEOC's investigative process because the EEOC was actively pursuing a remedy on their behalf." *Id.* at 13. He contends the court would have reached a different conclusion had the factual record been developed, and the court should "convert the motion pursuant to Rule 12(d) to a Rule 56 motion and permit discovery." *Id.* at 15.

---

[2] Plaintiff acknowledges the Second Amended Complaint in *Rhoades* included allegations some plaintiffs had been terminated. ECF No. 20-1 at 12 (citing *Rhoades* Second Am. Compl. at 4, 41 ("adding allegations that some plaintiffs were fired").

[3] Based on the timing as alleged in the two cases, Plaintiff's own allegations show Plaintiff Turlington had adverse action taken against him by the time of the Second Amended Complaint in *Rhoades*. See ECF No. 1 at ¶ 13 (SRNS denied Plaintiff's religious accommodation request on October 11, 2021); *id.* at ¶ 14 ("SRNS presented Mr. Turlington with a date certain, October 16, 2021, that he would lose his site access and authorization to continue working"); *id.* at ¶ 16 ("After being informed that his career with SRNS was finished, Mr. Turlington was forced to take involuntary early retirement from SRNS, which he notified SNRS of on or about October 31, 2021.").

Defendant disagrees, noting res judicata may bar Title VII claims even when Plaintiff's administrative remedies had not been exhausted. ECF No. 23 at 6. It notes the emails attached by Plaintiff are not admissible and should not be considered, but even if the court does consider them, they do not support Plaintiff's third objection. *Id.* at 7.

As noted above, the court may consider a res judicata defense in a motion to dismiss under Rule 12(b)(6) "only if it clearly appears on the face of the complaint." *Andrews*, 201 F.3d at 524 n.1. The court can also take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact. *Id.*

The court has not considered the emails attached by Plaintiff to his objections. It is clear from the face of the Complaint in this matter res judicata is applicable – the court need not review materials outside the pleadings, other than facts from the prior proceeding (*Rhoades*), of which it takes judicial notice. To the extent Plaintiff asserts the Magistrate Judge was resolving disputed facts, the court disagrees. The Report, and this Order, take facts directly from Plaintiff's Complaint here and the *Rhoades* Second Amended Complaint. Plaintiff notes he "disputes the factual scope of *Rhoades*, whether Title VII claims had accrued, whether Title VII claims could have been raised, the timing and content of accommodation denials, and whether Plaintiff suffered an adverse action not addressed in *Rhoades*." ECF No. 20-1 at 14. However, these issues are legal, not factual. Further, and again, the facts utilized by this court are taken directly from Plaintiff's Complaint. Does Plaintiff dispute his own factual allegations?

The court is able to determine, from the face of the instant Complaint and the Second Amended Complaint in *Rhoades*, that there is an identity of claims. Further factual development

12

via discovery is not necessary to make this legal determination. Plaintiff's third objection is overruled.

**Objection No. 4.** Plaintiff's next objection argues the Report erroneously rejects his "convenient trial unit" argument, asserting bringing his Title VII claims in *Rhoades* would not have been procedurally practical. ECF No. 20-1 at 15. He contends his Title VII claims require individualized and plaintiff-specific allegations and proof at multiple stages of the analysis, and no EEOC investigation had been concluded when *Rhoades* was dismissed. *Id.* at 16. Plaintiff asserts the filing prerequisites for Title VII claims, including an EEOC investigation, render it "practically impossible" for *Rhoades* to proceed as a "convenient trial unit" including Plaintiff's Title VII claims. *Id.* at 16. Finally, he submits adding Title VII claims in *Rhoades* would render it "practically impossible to obtain the injunctive relief sought (because the case would have had to be stayed pending resolution of the EEOC investigation, eviscerating the prospect of prompt injunctive relief)." *Id.* at 17.

Defendant supports the Magistrate Judge's Report, arguing it validly concluded the *Rhoades* plaintiffs could have pursued the Title VII claims in that case, resulting in a convenient trial unit. ECF No. 23 at 8. Defendant notes Plaintiff could have requested the EEOC issue a right to sue letter to allow his civil action to move forward, and Plaintiff was not required to await the conclusion of the EEOC investigation prior to bringing a federal lawsuit. Finally, Defendant notes the *Rhoades* plaintiffs voluntarily dismissed their lawsuit in August 2022, such that "any purported timing issue was one of Plaintiff's own creation." *Id.* at 9.

13

Whether the matters would have formed a "convenient trial unit" is one factor courts consider when determining if the claims in two cases arise out of the same transaction or series of transactions. *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (quoting *Restatement (Second) of Judgments* § 24 cmt. b) ("Among the factors to be considered in deciding whether the facts of the current and prior claims 'are so woven together' that they constitute a single claim 'are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes.'").  In the Report, the Magistrate Judge explained the potential inconvenience in bringing Title VII claims in Rhoades was "not sufficient to defeat the res judicata defense raised here." ECF No. 19 at 19. The Report also noted Plaintiff's counsel also brought a similar case based on the same facts that included 23 plaintiffs in similar circumstances as those described by Plaintiff as impractical or impossible. *Id.* at 19 n.4.

The court sees no difficulty in adding Plaintiff's specific religious discrimination allegations to the *Rhoades* complaint. To amend the complaint in *Rhoades* to include Plaintiff-specific allegations regarding his religious beliefs, requested exceptions, and adverse employment actions would have required the exact pleading actions taken by plaintiffs and their counsel in the similar case, where those allegations exist as a group but for each individual plaintiff.

Plaintiff asserts he was not issued a right to sue letter until January 31, 2025, after an investigation by the EEOC and attempts to resolve the issues with religious accommodations for the vaccine mandate. ECF No. 1 at ¶ 88. He contends Title VII requires an individual to obtain a notice of right to sue from the EEOC before bringing a claim in federal court. ECF No. 20-1 at 13.

14

> If a charge filed with the Commission ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference ... whichever is later, the Commission has not filed a civil action under this Section ..., or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.

42 U.S.C. § 2000e–5(f)(1). The Fourth Circuit has "long held that receipt of, or at least entitlement to, a right to sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis v. North Carolina Dept. of Corr.*, 48 F.3d 134, 140 (4th Cir. 1995). "It is entitlement to a right to sue notice, rather than its actual issuance or receipt, which is a prerequisite to the jurisdiction of the federal court." *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, 1093 (4th Cir. 1982). Accordingly, a plaintiff may request a right to sue notice from the EEOC after filing a charge of discrimination if the charge was dismissed by the Commission, or if the Commission has not filed a civil action or entered into a conciliation agreement within 180 days of the filing of the charge. *Veliaminov v. P.S. Bus. Parks*, 857 F. Supp. 2d 589, 593 (E.D. Va. 2012) (finding the plaintiff was entitled to a right to sue letter regarding his Title VII claims when the EEOC had not dismissed the charge, filed a civil action, or entered into a conciliation agreement with plaintiff for more than 180 days.).

Plaintiff alleges he filed a charge of discrimination with the EEOC on May 10, 2022. ECF No. 1 at ¶ 87. The charge was filed prior to dismissal of the *Rhoades* lawsuit. Plaintiff contends he was participating in an EEOC investigation, and the EEOC was attempting to globally resolve multiple claimants' charges administratively. Perhaps for that reason, it does not appear the EEOC dismissed Plaintiff's charge, filed a civil action, or entered into a conciliation agreement with

15

Plaintiff for more than 180 days.[4] At this point, after the 180 days had expired, it appears Plaintiff was entitled to request a right to sue letter. However, issuance of a right to sue notice would likely have terminated the EEOC's investigation and attempts at an administrative resolution. *See Balazs v. Liebenthal*, 32 F.3d 151, 157 (4th Cir. 1994) (finding once a right to sue letter has issued, there is no longer a charge pending before the EEOC); *Adams v. Wallenstein*, 814 F. Supp. 2d 516, 522 (D. Md. 2011) ("A right-to-sue letter only signals that the EEOC is finished with its involvement in a particular proceeding. . . ."). Accordingly, Plaintiff may have had to choose between requesting a right to sue letter, to which he may have been entitled, and continuing to pursue resolution through the EEOC.

The Magistrate Judge notes Plaintiff could have asserted his Title VII claims in *Rhoades* and requested to stay that action pending receipt of a right to sue notice from the EEOC. ECF No. 19 at 17. Plaintiff argues this avenue was untenable, as it would have been "practically impossible" to obtain the injunctive relief sought. ECF No. 20-1 at 17. The court finds this argument belied by the procedural posture of the *Rhoades* case, in which the plaintiffs pursued preliminary injunctive

---

[4] The court notes there is a regulation allowing the EEOC to issue a notice of right to sue before 180 days have elapsed if an appropriate EEOC official has determined it is probable the EEOC will be unable to complete its administrative processing of the charge within 180 days of the filing, and has attached a written certificate to that effect. 29 C.F.R. § 1601.28(a)(2). There is a circuit split regarding whether this is a valid regulation, with the Ninth, Tenth, and Eleventh Circuits finding the regulation is valid, but the D.C. Circuit finding it invalid. *Compare Walker v. United Parcel Service, Inc.*, 240 F.3d 1268, 1275 (10th Cir. 2001); *Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1063 (11th Cir. 1994); *Brown v. Puget Sound Elec. Apprenticeship & Training Tr.*, 732 F.2d 726, 729 (9th Cir. 1984), *with Martini v. Federal Nat. Mortg. Ass'n*, 178 F.3d 1336, 1345 (D.C. Cir. 1999). The Fourth Circuit has declined to address the validity of the regulation. *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 248 (4th Cir. 2001).

16

relief while continuing to amend and refine their complaint until the injunction was denied. *See* Case No. 1:21-cv-03391, ECF No 26 (Second Amended Complaint) (filed December 1, 2021); ECF No. 28 (Order denying Preliminary Injunction) (filed December 3, 2021). They continued to add allegations and plaintiffs while the preliminary injunction motion was pending.

The *Rhoades* plaintiffs were able to pursue prompt injunctive relief, but once it was denied, they could have moved to amend to add Plaintiff's Title VII claims now asserted and then requested a stay pending the right to sue letter. They would not have had to choose between injunctive relief and awaiting a right to sue letter so the Title VII claims could be added. Instead, they voluntarily dismissed the *Rhoades* action while at least some plaintiffs' EEOC charges were pending.

Accordingly, the court finds Plaintiff could have brought his Title VII claims as a "convenient trial unit" within *Rhoades* by amending the complaint to include discrimination claims after preliminary injunctive relief was denied. The court therefore overrules the objection contending Plaintiff could not bring his claims in *Rhodes* as a convenient trial unit.

**Objection No. 5.** Plaintiff contends the Report's factual summary contains numerous disputed statements, to which he objects. ECF No. 20-1 at 17. Defendant opposes, noting none of the challenged statements appear in the Report's fact section, but in the legal analysis, and none are statements of disputed fact. ECF No. 23 at 9. The court will review each challenged statement in turn.

First, Plaintiff objects to the Report's statement that "adverse action was taken…after [plaintiffs] submitted a religious accommodation request," citing page 11 of the Report. ECF No.

17

20-1 at 17. As Defendant notes, the Report in this case contains no such statement. The court overrules this objection.

Plaintiff next objects to the Report's statement that the alleged adverse actions "give rise to both *Rhoades* and the present case." *Id.* This assertion leaves out the majority of the sentence in the Report, which noted "[t]he series of connected transactions here – the vaccine mandate, the denial of Plaintiff's requested exemption from the mandate, and the adverse actions suffered by Plaintiff for failure to obtain the vaccine – give rise to both *Rhoades* and the present case." ECF No. 19 at 12. Further, although Plaintiff argues the *Rhoades* pleadings did not seek redress for individualized adverse employment actions or religious discrimination claims, res judicata bars not only claims raised but claims that could have been raised in a prior action. Plaintiff's objection to this statement is overruled.

Third, Plaintiff challenges the Report's assertion the two cases are "sufficiently related in time, space, origin, and motivation." ECF No. 20-1 at 18. He asserts "this conclusion improperly glosses over the fundamentally different *nature*, *rights*, and *timing* of the operative facts supporting the Title VII claims here, which accrued only after individualized religious-accommodation denials issued on October 11, 2021, and after employees were placed on leave beginning October 14-15, 2021." *Id.* Again, as noted by Defendant, consideration of the time, space, origin, and motivation are factors to be considered when determining whether the current and prior claims are sufficiently related for res judicata to apply, as stated in Fourth Circuit authority. *See Pittston Co.*, 199 F.3d at 704. Nature, rights, and timing are not mentioned in the test. Further, Plaintiff makes

it clear in this objection the accommodation denials and adverse actions took place during pendency of the *Rhoades* action, which was dismissed in August 2022.

Fourth, Plaintiff objects to the Report's "inference" the *Rhoades* plaintiffs "could have" amended their complaint to add Title VII claims. ECF No. 20-1 at 18. He brings the same arguments raised in other objections that he could not have brought the Title VII claims in *Rhoades*. The timing, individualized allegations, and legal theories have been discussed. This objection is overruled.

Finally, Plaintiff objects to the Report's conclusion the claims would form a convenient trial unit. This has also been discussed and overruled above. Plaintiff's Objection No. 5 is overruled in its entirety.

**Objection No. 6.** Plaintiff next challenges the Report's reliance on statements made in the preliminary injunction briefing filed in *Rhoades*, as he contends the court may only look to the pleadings to decide res judicata. ECF No. 20-1 at 19. Defendant asserts the court may take judicial notice of the prior case, including filings outside the pleadings. ECF No. 23 at 11.

The court agrees it may take judicial notice of the prior action when the res judicata defense raises no disputed issue of fact regarding the factual accuracy of the record of the previous suit. *Andrews*, 201 F.3d at 524 n.1 ("[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact."). Accordingly, the court has taken judicial notice of the previous *Rhoades* case and the filings therein, including the motion for preliminary injunction in which Plaintiff asserted it "appeared" Defendant had a blanket policy of denying

19

religious exemption requests on the grounds it could not make "reasonable accommodations" for employees seeking such an exemption. Case No. 1:21-cv-03391, ECF No. 14 at 4.

Plaintiff's objection number 6 is overruled.

**Objection No. 7.** Next, Plaintiff asserts the Report incorrectly relied on the *Romer* case "as controlling or persuasive authority." ECF No. 20-1 at 20. Plaintiff contends *Romer* is an "outlier" and is not applicable here because the defendant was a governmental actor instead of a private company. He submits the *Rhoades* allegations did not "telegraph" a religious discrimination claim, "in contrast to the *Bauer/Romer* nucleus of operative facts." *Id.* at 22. In response, Defendant argues the Report's reliance on *Romer* as recent, persuasive authority was proper. ECF No. 23 at 12.

Although *Romer* is not controlling authority, the court agrees it is persuasive as a recently decided case in this court with nearly identical facts and strong reasoning. The court recognizes *Romer* dealt with a municipality as the employer, not a private authority, but the operative issues regarding Title VII and res judicata do not appear affected by this difference. The facts of *Romer* and the previous case, *Bauer v. Summey*, 568 F. Supp. 573 (D.S.C. 2021), as cited in Plaintiff's objections, demonstrate this:

> In *Romer*, the plaintiff had previously sued his employer, the City of Charleston, . . . because the City imposed a mandatory COVID-19 vaccine requirement on all City of North Charleston employees. In *Romer*, it was at least factually plausible – if not legally permissible – for the district court to infer 'same transaction or occurrence' in *Bauer/Romer* because the plaintiff was challenging the **public** employer's policies in both suits. In Bauer, the plaintiffs, who were 'allegedly subject to the City of Charleston's personnel policy, filed for administrative exemptions from the [vaccine] mandate' and claimed that 'no individual plaintiff's request has been approved.'

20

ECF No. 20-1 at 21 (internal citations omitted). It appears to the court this is the same factual scenario as the instant case, with the exception of the bolded word "public" in Plaintiff's objections. Plaintiff contends the plaintiffs in *Bauer* had a property interest in their jobs, "so their right to relief arose directly from their employment relationship with the City and the Constitution of South Carolina, which governs the same." *Id.* at 22. The *Rhoades* plaintiffs "challenged the vaccine mandate under an attenuated contract theory, . . ." and "the complaint contain[ed] almost no allegations about SRNS's actions or processes" as SNRS is a private employer with no due process restrictions on its employment decisions." *Id.*

"Claims may rise out of the same transaction or series of transactions [for purposes of res judicata] even if they involve different harms or different theories or measures of relief." *Harnett*, 800 F.2d at 1314. Plaintiff attempts to create a distinction without a difference by arguing the public employer in *Bauer*/*Romer* is so differently situated than the private one in *Rhoades* and the instant case such that *Romer* cannot serve as persuasive authority directly on point. The court disagrees. On a fundament level, the plaintiffs in *Bauer*/*Romer* challenged their employer's vaccine mandate and the denied exemptions thereto. The same is true here. The court finds the Report's citation to and explanation of the similarities in *Romer* and this case are persuasive and helpful to the analysis in this case. Plaintiff's objection number 7 is overruled.

**Objection No. 8.** Plaintiff also alleges *Romer* is wrongly decided because it improperly expands the doctrine of res judicata and "conflicts with Fourth Circuit precedent." ECF No. 20-1 at 22. He contends *Romer* improperly relied on a series of appeals court cases holding employment

21

discrimination plaintiffs could not bring claims based on the same termination in two successive lawsuits based on the EEOC's administrative exhaustion requirements. *Id.* (citing *Hermann*; *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 37-41 (2d. Cir. 1992)). Plaintiff focuses on *Romer*'s holding that employment discrimination plaintiffs could stay their cases to wait for the EEOC to issue a right to sue letter, and again argue the *Bauer*/*Romer* plaintiffs sought "time sensitive, injunctive relief" and requiring them to stay their cases would require them to "choose one remedy and abandon another." *Id.* at 23-24. He cites two cases, asserting a choice of remedies precludes application of res judicata. *Id.* at 24 (citing *Passaro v. Virginia*, 935 F.3d 243, 252 (4th Cir. 2019); *Davenport v. N.C. Dep't of Transp.*, 3 F.3d 89, 97 (4th Cir. 1993)).

In reply, Defendant notes the *Romer* report cited the "series of appeals court cases" for the limited finding that res judicata bars subsequent Title VII claims, even where the plaintiff has not exhausted his administrative remedies. ECF No. 23 at 13-14. It argues neither the *Romer* plaintiffs nor the *Rhoades* plaintiffs had to choose between injunctive relief and remedies available under Title VII, as the *Rhoades* plaintiffs sought injunctive relief denied by that court over eight months before they voluntarily dismissed the lawsuit. It contends the cases cited by Plaintiff, *Passaro* and *Davenport*, did not apply federal res judicata law and concerned state grievance procedures that did not allow for damages awards and/or § 1983 actions, and so are not on point.

The court has considered Plaintiff's argument that he would have had to elect remedies in order to bring their Title VII claims in *Rhoades*, and has rejected it as it is clear the *Rhoades* plaintiffs were able to pursue injunctive relief and then could amend their complaint to add the Title VII claims. The court has reviewed *Passaro* and *Davenport*, and finds them inapposite to the

22

current case. In *Passaro*, where Virginia res judicata law was applied, the plaintiff could not have pursued his entire case in either the Virginia grievance process or a Title VII civil action because each had remedies unavailable in the other. 935 F.3d at 250-51. Similarly, North Carolina res judicata law was applied in *Davenport*, which found an administrative procedure did not bar a § 1983 federal lawsuit when treating the claims as the same would have a "preclusive election between two remedial paths neither of which would allow fair litigation of all claims that otherwise properly could be asserted." 3 F.3d at 97. As discussed above, that is not the case here. Plaintiff was not required to elect between injunctive relief, which had already been sought and denied in *Rhoades* before the case was dismissed, and later moving to stay pending issuance of his right to sue letter for the Title VII claims. Accordingly, Plaintiff's eighth objection is overruled.

**Objection No. 9.** Plaintiff objects to the recommendation of dismissal in its entirety. ECF No. 20-1 at 24. Because an equitable remedy of claim preclusion is sought, he argues "equity must be taken into consideration." *Id.* (quoting *Gomez v. United States Dist. Court*, 503 U.S. 653, 654 (1992)). He asserts his employer is not being asked to relitigate employment claims. *Id.* He requests his objections be sustained and he be allowed to proceed with his employment claims.

Defendant contends Plaintiff cannot rely on equity to avoid res judicata, as there is no "fairness" exception to the doctrine. ECF No. 23 at 15 (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394 (1981) ("There is no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata.")). It requests the court overrule Plaintiff's objections and bar Plaintiff's Title VII claims based on res judicata.

23

The quotation cited by Plaintiff for his equity argument is not properly quoted. Plaintiff notes "[w]hen a party seeks an equitable remedy, like claim preclusion, 'equity must be taken into consideration.'" ECF No. 20-1 at 25 (citing *Gomez*). However, *Gomez* does not stand for that proposition, and the quotation is incorrect. Instead, the Supreme Court stated even if the plaintiff in that case could avoid a bar to his successive habeas claim, it "would not consider it on the merits." 503 U.S. at 653. The Court noted whether his claim was one sounding in habeas or under § 1983, the plaintiff sought an equitable remedy, and "[e]quity must take into consideration the State's strong interest in proceeding with its judgment and [plaintiff's] obvious attempt at manipulation." *Id.* at 654. The *Gomez* Court did not hold equity must be taken into consideration when a party seeks an equitable remedy.

In addition, the court agrees with Defendant there is not a "fairness" or "equity" exception to res judicata, as held by the Supreme Court. *Federated Dep't Stores*, 452 U.S. at 401 ("There is simply no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata."). The court cannot therefore release Plaintiff from the requirements of res judicata.

**5. <u>Conclusion</u>**

After de novo review, for the reasons above, the court adopts the Report and incorporates it by reference into this Order. Res judicata applies to bar Plaintiff's Title VII claims. Defendant's motion to dismiss (ECF No. 7) is granted and Plaintiff's Complaint is dismissed with prejudice.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 11, 2026